UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERENCE HENDERSON,

             Plaintiff,

-against-

DEPARTMENT OF VETERANS AFFAIRS,

             Defendant.

24-CV-5016 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Terence Henderson, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. He sues the "Department of Veterans Affairs," which the Court understands to be the United States Department of Veterans Affairs ("VA"), and alleges that the VA "refuses to release funds Congress earmarked for the disabled cold war veterans brave rifles earmarked 1/25/88." (ECF 1, at 5.)

By order dated October 30, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff brings this action by completing a court-issued employment discrimination complaint form, indicating that he was employed by the U.S. Army in 1988. Although Plaintiff provides information regarding his race and disability, it appears that the nature of this action concerns Plaintiff's VA benefits. He alleges that the VA is "failing to distribute my earmarked funds entitlements according to the Article 1 of the US Constitution." (ECF 1, at 5.) He also alleges that "earmarked brave rifle" funds were "delayed" and there was "misuse of funds." (*Id.*) Plaintiff suggests that the claims concern a program where he participated as a minor "without parental signature." (*Id.*) He claims he is "entitled to backpay from the original onset date of 2/12/88 with a honorable discharge from Howitzer Battery 1st Squadron 3 ace Ft Bliss earmarked for the cold war." (*Id.* at 6.)

## DISCUSSION

**A.    Judicial review of veterans' benefits claims**

To the extent Plaintiff seeks review of benefits he believes he is owed from the VA, the Court must dismiss Plaintiff's claims because the Court lacks subject matter jurisdiction of this matter. In 1988, Congress enacted the Veterans' Judicial Review Act ("VJRA"), establishing judicial review procedures for veterans' benefits determinations. *See* VJRA, Pub. L. No. 100-687, 102 Stat. 4105, 4113 4121 (1988) (codified in 38 U.S.C.), *as amended*; *see Henderson ex rel. Henderson v. Shinkseki*, 562 U.S. 428, 432 (2011); *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992). Under the VJRA, the benefits determinations of the Secretary of Veterans Affairs may be appealed to the Board of Veterans' Appeals, whose decisions may be appealed to the United States Court of Appeals for Veterans Claims, and then to the United

States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. §§ 7104, 7252, 7292. This review structure excludes federal district courts from reviewing disputes involving veterans' benefits. *See* 38 U.S.C. § 511; *Capezza v. Brown*, 159 F.3d 1345 (2d Cir. 1998) (table decision); *Larrabee by Jones*, 968 F.2d at 1501 ("Although district courts continue to have 'jurisdiction to hear *facial* challenges of legislation affecting veterans' benefits,' other constitutional and statutory claims must be pursued within the appellate mill Congress established in the VJRA.") (italics in original, citation omitted); *Kramer v. Shulkin*, No. 16-CV-6174 (WHP), 2017 WL 4350322, at *1 (S.D.N.Y. May 19, 2017); *Philippeaux v. United States*, No. 10-CV-6143 (NRB), 2011 WL 4472064, at *5 (S.D.N.Y. Sept. 27, 2011). In short, the VJRA divests federal district courts of jurisdiction to review claims regarding the provision of veterans' benefits. *See Veterans for Common Sense v. Shinseki,* 678 F.3d 1013, 1023 (9th Cir. 2012) ("In general, review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the VJRA.").

Here, Plaintiff appears to challenge a VA decision concerning his entitlement to veterans' benefits. To do so, however, he must follow the procedures laid out in the VJRA. Because this system of review excludes the federal district courts, Plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

**B.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   January 2, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge